**Dismissed and Memorandum Opinion filed March 5, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00066-CR
## NO. 14-13-00067-CR

---

### BILL HARRY MENARD, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 208th District Court
### Harris County, Texas
### Trial Court Cause Nos. 1354845 and 1355501

---

## M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to the offense of theft (appeal number 14-13-00066-CR; trial court cause number 1354845) and to the offense of robbery (appeal number 14-13-00067-CR; trial court cause number 1355501). In accordance with the terms of a plea bargain agreement with the State, the trial court sentenced appellant on December 18, 2012, to confinement for 180 days in

the State Jail Division of the Texas Department of Criminal Justice (appeal number 14-13-00066-CR; trial court cause number 1354845) and for two years in the Institutional Division of the Texas Department of Criminal Justice (appeal number 14-13-00067-CR; trial court cause number 1355501). The sentences were ordered to run concurrently. In both cases, appellant filed a pro se notice of appeal. We dismiss the appeals.

In each case, the trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea bargain case, and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). In each case, the trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). The record in both cases supports the trial court's certifications. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, we dismiss the appeals.

PER CURIAM

Panel consists of Justices Frost, Brown, and Busby.
Do Not Publish — TEX. R. APP. P. 47.2(b)